MELCHOIR, ARMSTRONG & DESSAU, INC., Plaintiff and Appellant, v. SUCCESSORS OF ARBONA BROTHERS, Defendants and Appellees.

No. 4484. Argued December 12, 1928.—Decided May 31, 1929.

*José and Alberto S. Poventud* for the appellant. *López de Tord & Zayas Pizarro* for the appellees.

Mr. Chief Justice Del Toro delivered the opinion of the court.

This is an action to recover $1,382.70 as the purchase price of thirty bales of paper and one hundred sacks of corn meal.

The defendants admit that they bought the paper and meal from the plaintiff, but allege that they are not obliged to pay the price of the paper because it was not delivered within the time specified in the contract and for that reason they refused to receive it, and that they owe nothing for the corn meal because although it was received, its price was charged against a certain sum which the plaintiff owed to them.

At the trial both parties introduced evidence and thereafter the court rendered judgment dismissing the complaint with regard to the paper and sustained its claim for the meal, with the exception of a small sum.

The plaintiff appealed. The judgment is not discussed in so far as it refers to the corn meal. For its reversal as regards the paper six errors are alleged and we shall consider them in the order of their assignment.

By the first the appellant contends that "the District Court of Ponce erred in admitting in evidence a letter-press book containing a copy of a letter dated August 24, 1924, and consequently in holding that the defendant was justified in refusing to receive the merchandise in suit because it did not arrive in time."

Two questions are embraced in the error as assigned and argued, viz., the admission and the weight of the evidence.

As to the admission of the copy of the letter appearing in the letter-press book of the defendants, we believe that it was authorized by section 84 of the Law of Evidence, inas-

much as there was proof that the original had been mailed and the plaintiff, the addressee, denied having possession of it.

The argument on the weight of the evidence is extended to all of the evidence introduced.

For the sake of clearness we think it well to transcribe the finding of the trial court, as follows:

"That the plaintiff, by its agent José Pou and by virtue of the contract of April 30, 1923, bound itself to deliver to the defendants thirty bales of sulphite paper to be shipped by the plaintiff to order in the following month, that is, May of 1923; that the said paper did not arrive in Ponce until August of 1923 and the defendants refused to accept the paper because it had not come in time and so informed the agent of the plaintiff, Pou, who agreed with the defendants that the paper be removed from the dock and deposited in the warehouse of the defendants for account of the plaintiff; that this was done and the paper is still there; that Pou, as the agent of the plaintiff, offered that same paper to several merchants of Ponce who testified to that effect and that he did so in behalf of the plaintiff; that although in July, 1924, the defendants wrote to the plaintiff refusing to pay the draft for the value of the paper and stated that it left it at the disposal of the plaintiff because it was not what he had bought, that fact was rectified by letter in August, 1924, with the statement that the paper had not been accepted because it had not arrived in time; that the aforesaid letter of July, 1924, corroborates the fact that the goods had been left for account of the plaintiff since their arrival in Ponce, and attention was called to the failure of Pou so to inform the plaintiff."

If the evidence to show that it had been alleged from the start that the failure to deliver within the stipulated time was the cause of the refusal to accept the paper had consisted only of the letter in question, we would agree with the appellant that it was not sufficient; but the evidence on that question was abundant and was given full credit by the trial court.

The second assignment is that the trial court erred in admitting evidence of supposed statements made by José Pou

Carreras as the selling agent of plaintiff Melchior, Armstrong & Dessau, Inc., they being contrary to the written instructions of his principal which were known to Successors of Arbona Brothers, the defendants.

Pou was the recognized agent of the plaintiff and it was he who made with the defendants the said contract of purchase and sale and who took part in the subsequent acts. He died and the partner of the defendants with whom he contracted was allowed to testify to the effect that when the paper arrived the defendants refused to receive it because it had been bought on the condition that it would be shipped in May, 1923, and was not received until the following August, and that, as they had been contracting for twenty years, in order to avoid greater expenses the defendants, at Pou's request, agreed to remove the paper from the dock and deposit it in their warehouse at the disposal of the plaintiff, Pou undertaking later to sell it to other persons.

Certainly, the testimony of the partner of the defendants after the death of the plaintiff's agent should be cautiously considered, but that does not mean that it was inadmissible.

As to the assertion that the attitude which the partner of the defendants attributed to the plaintiff's agent was contrary to the instructions of his principal, although it seems to be so deduced from the answer of the plaintiff to the letter from the defendants of July, 1924, it is surprising that the plaintiff, which surely had in its possession letters from its agent informing it of the refusal of the defendants to receive the paper, did not produce them at the trial.

It is an undisputed fact that the merchandise arrived more than two months later than it should have arrived under the express terms of the contract, and the plaintiff, notwithstanding the allegation of the answer of the failure to deliver in time, did not present any evidence of when the paper was delivered by the factory and shipped so as to give some explanation of the delay. Its case seems to have been based entirely on the fact that the defendants had refused to ac-

cept the goods only because they were different from the samples, and the only evidence produced to prove it was the letter from the defendants of July, 1924, or almost a year after the arrival of the paper in Ponce.

Said letter, as we have seen, was corrected and it was alleged that it had been written by the bookkeeper. Moreover, it was explained that in fact the paper was not of the quality sold and that therefore it could have been rejected also, but as the proof was difficult and insecure (expert evidence) and there was the clear reason of failure to deliver within the time expressly fixed in the contract, that failure to deliver was adopted as the basis, all of which had been well understood from the start by the plaintiff's agent.

It is contended in the third assignment that the court applied mistakenly to this case the jurisprudence established by this Supreme Court in *McFaddin Rice Milling Co.* v. *Maldonado,* 31 P.R.R. 450.

From the moment when the court weighed the evidence as it did, that is, in the sense that it had been proved that the merchandise was not delivered within the stipulated time and the plaintiff did not justify the delay and the defendants had not waived their right but on the contrary asserted it positively, the *McFaddin Case, supra,* was applicable.

The fourth error assigned refers to the testimony of Manuel Pou as being based on hearsay.

It having been shown that the witness, the son of Pou the agent of the plaintiff, worked with him in the commission business and was closely connected with him and had knowledge from the start of what had occurred in regard to the paper to which this action refers and of the steps taken to sell it for account of the plaintiff after the refusal of the defendants to accept it, we do not believe that his testimony relating to the cause alleged by the defendants from the first and admitted by the agent, although some essential facts

were known to him on information from his father, should be entirely rejected as hearsay, especially after it had been admitted without any objection.

The fifth error assigned refers to a conclusion in the judge's opinion that the paper was not sold as of a determined quality. Admitting that the contrary was shown by the evidence, although not clearly, the error would be unimportant.

The sixth and last error assigned is a summary of the others.

In this case everything depends on the credit given to the evidence introduced by the defendants. The death of the plaintiff's agent Pou made difficult the positions of both parties. The transaction was made in April, 1923. The paper arrived in Ponce in August, 1923. A letter from the plaintiff shows that Pou was living and was its recognized agent on July 30, 1924. The suit was brought in November, 1926.

All of the evidence of the defendants relative to their reason for refusing to accept the paper is doubtful because it is susceptible of having been prepared as self-serving evidence; but that of the plaintiff was not explicit. It is inconceivable that it had no correspondence from its agent from the start and that it based its whole case on the contents of a letter from the defendants written almost a year after the occurrence of the facts, which does not exclude completely the defense of the defendants and which they rectified a month later when they had an opportunity to know that an error had been committed, according to the abundant evidence offered and considered as being worthy of credit by the trial court.

Under these circumstances, no showing having been made of manifest error, or of passion, prejudice or partiality on the part of the trial court, the judgment appealed from must be affirmed.